ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Aetna Government Health Plans ) ASBCA No. 60207
)
Under Contract No. H94002-09-C-0008 )

APPEARANCES FOR THE APPELLANT: Karen L. Manos, Esq.
Erin N. Rankin, Esq.
Gibson, Dunn & Crutcher LLP
Washington, DC

APPEARANCES FOR THE GOVERNMENT: Laurel C. Gillespie, Esq.
Chief Trial Attorney
TRICARE Management Agency
James A. Douglas, Esq.
Trial Attorney
Defense Health Agency

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

The government requests dismissal of the appeal for lack of jurisdiction, or a stay and remand to the contracting officer for the issuance of a final decision. Appellant opposes. We deny both requests.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 13 July 2015, appellant, Aetna Government Health Plans (Aetna), submitted to the contracting officer a certified claim in the amount of $17,066,351, in response to the termination for the government's convenience of Contract No. H94002-09-C-0008, a TRICARE contract (notice of appeal, ex. 1). The claim followed an impasse in negotiations over Aetna's termination proposal. The contracting officer received the claim on 20 July 2015 (id., ex. 2). On 11 September 2015, the contracting officer notified Aetna that additional documentation was required to evaluate the claim, and that he anticipated issuing a decision upon the claim "within 90 days of receipt" of the documentation (id., ex. 3). On 21 September 2015, Aetna filed this appeal, contending that it was appealing from the "deemed denial" of its claim (notice of appeal at 1). On 22 October 2015, the government moved to dismiss the appeal for lack of jurisdiction, contending that "consideration of the requested materials was reasonably necessary

and would require 90 days to perform" (gov't mot. at 8). In the alternative, the government requested that the Board stay the appeal and remand to the contracting officer for the issuance of a final decision.

Aetna opposed both requests. The government did not file a reply, but, on 27 November 2015, answered Aetna's complaint, admitting that the Board possessed jurisdiction to entertain the appeal pursuant to the Contract Disputes Act (CDA) 41 U.S.C. §§ 7101-7109 (gov't answer at 3, ¶ 7).

## DECISION

The CDA requires the contracting officer to issue a decision within 60 days of the receipt of a certified claim over $100,000 (41 U.S.C. § 7103(f)(2)(A)), or notify the contractor of the time within which the decision will be issued (41 U.S.C. § 7103(f)(2)(B)). *Northrop Grumman Corp.*, ASBCA No. 52263, 00-1 BCA ¶ 30,676 at 151,504 (citing former 41 U.S.C. § 605(c)(2)(A), (B)). The contracting officer's notice under 41 U.S.C. § 7103(f)(2)(B) when a decision will be issued must "pinpoint" a particular date. *Id.* It is not enough to state that a final decision will be issued within a specified number of days of the occurrence of some future event. *Id.* Failure to comply with those requirements is a "deemed denial," authorizing the commencement of an appeal. *Id.*

Here, the contracting officer neither issued a decision within 60 days of receiving Aetna's claim, nor did he pinpoint a particular date by which he would issue a decision. Rather, he identified a time for the issuance of a final decision that was dependent upon the occurrence of a future event: the provision by Aetna of additional documentation. In doing so, the contracting officer failed to comply with 41 U.S.C. § 7103(f)(2)(B). Consequently, Aetna was authorized to file the appeal on a deemed denial basis, and the Board possesses jurisdiction to entertain the appeal.

For these reasons, we deny the motion to dismiss.

In the alternative, the government requests a stay and remand to the contracting officer for the issuance of a final decision. Pursuant to 41 U.S.C § 7103(f)(5), the Board may stay these proceedings to obtain a decision by the contracting officer. However, the government has not supported its request with any rationale. In these circumstances, we deny the request for a stay and remand.

2

## CONCLUSION

The motion to dismiss is denied. The request for a stay and remand to the contracting officer is denied.

Dated: 10 February 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60207, Appeal of Aetna Government Health Plans, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3